UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE COUTURIER, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:12-cv-01104-apg-NJK |
| ) | |
| vs. ) | ORDER RE: MOTION TO |
| ) | QUASH and MOTION FOR ) |
| ) PROTECTIVE ORDER | |
| AMERICAN INVSCO CORP., et al., ) | |
| ) | (Docket Nos. 83 and 85) |
| Defendant(s). ) | |
| ) | |

     Pending before the Court are two "emergency" motions filed by Defendants on August 2, 2013, regarding a deposition scheduled for August 21, 2013.  Docket Nos. 83 and 85.  Whether a motion is truly an "emergency" is a matter left to the Court's discretion.  Local Rule 7-5(d)(3). Defendants' papers make clear that the subpoena was served July 15, 2013, yet they made no effort to object to and meet and confer regarding the subpoena until approximately July 26, 2013. *See* Letter to Plaintiffs' Counsel dated July 26, 2013, Docket No. 83-2. Defendants fail to explain why they waited eleven days to raise this dispute. In these circumstances, the Court exercises its discretion to find that the motion to quash (Docket No. 83) and motion for protective order (Docket No. 85) do not constitute an emergency.  *See, e.g.*, *Picard v. Wal-Mart Stores, Inc.,* 12-cv-1907 (D.Nev. June 13, 2013) (order finding protective order filed nearly three weeks after dispute arose was not an emergency); citing *Tzvetanova v. Wal-Mart Stores, Inc.*, 12-cv-2069-RCJ-CWH, Docket No. 29 (D. Nev. Apr. 30, 2013) (minute order finding that Wal-Mart's motion for protective order

filed one day before scheduled Rule 30(b)(6) deposition would not be considered an emergency).

The Court will, however, shorten the normal briefing schedule set forth in Local Rule 7-2(b)-(c) somewhat, and will schedule a hearing as appropriate. Any response to the motion shall be due no later than August 12, 2013 and any reply shall be due by August 16, 2013.

IT IS SO ORDERED.

DATED: August 5, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge