UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

BRUCE COUTURIER, et al.,

    Plaintiffs,

vs.

AMERICAN INVSCO CORP., et al.,

    Defendants.

Case Nos.   2:12-cv-01104-APG-NJK

**O R D E R**

Before the Court is Defendant Koval Flamingo's Emergency Motion to Quash (#83) and Emergency Motion for Protective Order (#85). The Court has considered Defendant Koval Flamingo's Motions, Defendant Meridian Private Residences CH, LLC's Joinder (#90), Plaintiffs' Response (#91), and Defendant Koval Flamingo's Reply to the Emergency Motion to Quash (#94) and Reply to the Emergency Motion to Protective Order (#95). The Court finds these motions are appropriately resolved without oral argument. Local Rule 78-2.

## BACKGROUND

**I.   Procedural Background**

Plaintiffs filed their Complaint in this matter, along with six others, consolidated for purposes of discovery, on June 26, 2012. *See* Complaint, Docket No. 1.  On September 11, 2012, Defendant Koval Flamingo ("Koval") filed a motion to dismiss. *See* Motion to Dismiss, Docket No. 19. The Court granted in part and denied in part that motion on May 22, 2013. *See* Order Granting in part, Docket No. 60. On June 4, 2013, Plaintiffs filed an Amended Complaint. *See* Amended Complaint, Docket No. 61. Koval moved to dismiss the Amended Complaint on

1  June 18, 2013. *See* Motion to Dismiss Amended Complaint, Docket No. 64. That motion is still
2  pending before the Court. The current discovery deadline is October 15, 2013. *See* Scheduling
3  Order Granting Stipulation to Extend, Docket No. 77.

4  **II.     Dispute Background**

5       On July 15, 2013, Plaintiffs served Koval's counsel, Kenneth Morgan, Esq., with a
6  deposition subpoena for his own deposition, set for August 21, 2013. *See* Morgan Subpoena,
7  Docket No. 83-1. The parties met and conferred in person on July 30, 2013, in an attempt to
8  resolve this dispute without court intervention. *See* Motion to Quash, Docket No, 83 at 5.  The
9  parties were not able to resolve the dispute. Koval filed the present motions on August 2, 2013.
10 *See* Docket Nos. 83 and 85.

11                                    **DISCUSSION**

12 **I.     Whether Plaintiffs may depose Koval's attorney, Kenneth Morgan, Esq.**

13      Deposing an attorney for an opposing party is not absolutely prohibited, but it is
14 disfavored. *See, Harter v. CPS Sec. (USA), Inc.*, 2013 WL 129418, *8 (D. Nev. Jan. 9, 2013);
15 citing *e.g. Tailored Lighting, Inc. v. Osram Sylvania Products, Inc.,* 255 F.R .D. 340, 344
16 (W.D.N.Y.2009).  As this Court recently acknowledged, allowing the deposition of opposing
17 counsel "not only disrupts the adversarial system and lowers the standards of the profession, but
18 it also adds to the already burdensome time and costs of litigation." *Harter*, 2013 WL 129418,
19 *8, quoting *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986). "Attempting
20 to take the deposition of opposing counsel causes pretrial delays to resolve work-product and
21 attorney-client objections and collateral issues raised by the attorney's testimony." *Id.* The
22 practice also "detracts from the quality of client representation, and has a 'chilling effect' on
23 attorney-client representations." *Id.* For these reasons, this Court, among others, has found that
24 the depositions of opposing counsel should be limited to situations where: (1) no other means
25 exist to obtain the information sought; (2) the information is both relevant and non-privileged;
26 and (3) the information is crucial to the preparation of the case. *Id. See also American Casualty v.*
27 *Krieger,* 60 F.R.D. 582, 589 (S.D.Cal.1995); *Harrison v. Chicago Tribune Co.,* 134 F.R.D. 232,
28 233 (N.D.Ill.1990); *In re: I Re Souse Brothers Ocean Towing v. T–V Ocean Service,* 144 F.R.D.

1  111, 116 (D.Or.1991).[1] These factors were set out by the Eighth Circuit in *Shelton v. American*

2  *Motors Corp.*, and are commonly referred to as the *Shelton* factors. See *Shelton,* 805 F.2d at

3  1327; see also *Harter*, 2013 WL 129418; *Club Vista Financial Services,* 276 P.3d 246.

4        Here, Plaintiffs have outlined nine categories on which they seek to depose Mr. Morgan.[2]

5  None of them, however, meet the *Shelton* factors.

6        A.     <u>Other means exist to obtain the information sought</u>

7        The nine categories outlined by Plaintiffs request information which is clearly available

8  from other sources. Additionally, some of the categories request information which appears to be

9  privileged and/or not relevant. Plaintiffs have failed to show the Court in their Response how

10 these categories are relevant and/or non privileged.

11       Category A asks whom does Mr. Morgan represent. If the Plaintiffs want to know whom

12 Mr. Morgan represents in this litigation, they can look at the docket or ask the other parties in

13 this and the consolidated cases. If they want to know whom Mr. Morgan represents outside this

14 litigation, they have not shown how that information is relevant and non-privileged.

15       Category B asks in what capacity Mr. Morgan represents Meridian Private Residences.

16 Meridian Private Residences will have this information.

17       Category C asks about Mr. Morgans involvement and interactions with "various owners",

18 and the resolutions each owner obtained in the promulgation of leases with Private Residences.

---

[1] The Nevada Supreme Court recently addressed under what circumstances a district court may allow a party to depose an opposing party's attorney in *Club Vista Financial Services v. District Court,* 276 P.3d 246 (NV 2012). The Nevada Supreme Court agreed with the Eighth Circuit's decision in *Shelton* that the practice should be discouraged because it is disruptive to the adversary nature of our judicial system. *Id.* at 249 citing *Shelton,* 805 F.2d at 1327. The Nevada Supreme Court therefore adopted *Shelton's* three-factor test for determining when a party may take the deposition of opposing counsel.

[2] Plaintiffs also state that they are "interested in what Morgan's pecuniary interest is in Koval, if any, or in Private Residences and why Morgan can unilaterally determine that he did not have to respond to discovery requests until his client's motions to dismiss were ruled on . . ." Response, Docket No. 91, at 4. However, Plaintiffs have not specified that this is a topic on which they seek to depose Mr. Morgan. Nevertheless, it is apparent from the above quoted sentence that Plaintiffs can obtain this information, to the extent it is not privileged, from Koval and Private Residences. Additionally, if Plaintiffs believe Koval's counsel is improperly withholding discovery, they should meet and confer with counsel in an attempt to obtain that discovery, not seek to depose him on his litigation conduct. *See* Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 26-7(b)

1   The referenced "various owners" and Private Residences will have this information.

2   Categories D and E ask for information about the Joanna Kishner litigation, and Mr.
3   Morgan's involvement. This information is available from Joanna Kishner and from Koval.

4   Category F asks why Mr. Morgan asserted attorney-client privilege involving Mackenzie
5   on behalf of American Invsco. The answer to this category lies in the deposition transcript. If
6   Plaintiffs believe Mr. Morgan is representing Mackenzie or American Invsco in some capacity,
7   they can ask Mackenzie and American Invsco if that is the case.

8   Category G asks what Mr. Morgan did or said to Mackenzie to get Mackenzie to give him
9   the emails Plaintiffs requested in a subpoena and not turn them over to Plaintiffs. Mackenzie
10  will have this information.

11  Category H asks in what capacity and in whose representation did Mr. Morgan assert that
12  the deposition of Mackenzie would be limited to 7 hours. The answer to this question is likely
13  the Federal Rules of Civil Procedure; however, as stated previously, if Plaintiffs want to know
14  whom Mr. Morgan represents, they can ask the other parties in this and the consolidated cases.

15  Category I asks about the result of prior cases in which Koval was involved including
16  separate cases involving Joanna Kishner, Amy Fouch, and Richie Cohen. To the extent this
17  information is not privileged, a designated Person Most Knowledgeable for Koval would have
18  this information as well as Joanna Kishner, Amy Fouch, and Richie Cohen.

19  B.   The information does not appear relevant and non-privileged

20  Plaintiffs have not shown how the information sought in four of the categories is relevant
21  and non-privileged.

22  First, category D asks about Mr. Morgan's involvement in the Joanna Kishner litigation,
23  what the litigation was about and what result was obtained. However, Plaintiffs have provided no
24  information about the Kishner litigation or how it is relevant. Indeed, Plaintiffs apparently do not
25  even know what the litigation was about. Merely knowing that Koval was involved in prior
26  litigation and that Mr. Morgan was counsel, is not sufficient justification for allowing Plaintiffs
27  to depose Mr. Morgan. If it were, then parties could regularly depose opposing counsel by virtue
28  of the fact that opposing counsel previously represented the opposing party. This is not the

- 4 -

1    standard and the Court cannot conclude that the Kishner litigation or Mr. Morgan's potential
2    involvement in that litigation is relevant to this case.
3         Second, category E asks why Mr. Morgan designated himself as the person most
4    knowledgeable in the Kishner litigation. Not only have Plaintiffs failed to show how this is
5    relevant, but this is clearly seeking, at least in part, the mental impressions of Mr. Morgan as
6    counsel.  Further, since the Kishner litigation involved Koval, a Koval witness would be able to
7    answer questions about its prior PMK designations, to the extent that information is not
8    privileged.
9         Third, as stated above, category H asks in what capacity and in whose representation did
10   Mr. Morgan assert that the deposition of Mackenzie would be limited to 7 hours. To the extent
11   this category seeks to know the mental impressions of Mr. Mackenzie, it is privileged.
12   Additionally, Plaintiffs have not shown how this is relevant to the subject matter of this case.
13        Fourth, as stated above, category I asks about the results and issues of prior cases in
14   which Koval was involved and what discovery materials were involved and/or exchanged in
15   those cases, including 50 boxes taken from the Meridian Private Residences clubhouse.  As
16   discussed above, it is unclear how these cases are relevant. If the cases themselves are not
17   relevant, then the issues and discovery obtained are also not relevant.
18        C.    The information does not appear crucial to the preparation of the case
19        None of the nine categories, as apparent from the above discussion of the first two
20   *Shelton* factors, appears crucial to the preparation of the case.  Additionally, it is apparent from
21   Plaintiffs' response that they are chiefly concerned with figuring out who Mr. Morgan represents,
22   why he hasn't produced Mackenzie's emails, and what happened in prior cases in which Koval
23   was involved. None of these concerns require deposing Mr. Morgan. Accordingly, the Court
24   finds that under these circumstances it is not appropriate for Plaintiffs to depose Mr. Morgan.
25   **II.   Whether *Shelton* is the Proper Standard**
26        Plaintiffs attempt to argue that the *Shelton* standard is not applicable in this case.
27   According to Plaintiffs, ths Court should apply the standard set forth in *In Re Subpoena Issued to*
28   *Dennis Friedman, et al.*, 350 F.3d 65 (2nd Cir. 2003). Plaintiffs' argument, however, is flawed in

a variety of ways.

First, although Plaintiffs quote nearly an entire page of single-spaced text from *In Re Subpoena Issued to Dennis Friedman*, they preform no legal analysis regarding how they meet the standard in that case, and the Court is not required to do this legal analysis for them. *See Williams v. Eastside Lumberyard & Supply Co.*, 190 F.Supp.2d 1104, 1114 (S.D.Ill.2001) ("A judge is the impartial umpire of legal battles, not a [party's] attorney. He is neither required to hunt down arguments [the parties] keep camouflaged, nor required to address perfunctory and undeveloped arguments.... [T]o the extent that [Defendant] failed to develop any additional argument[s] or provide any legal support for them, [it] has waived them.").

Next, Plaintiffs have provided no authority whatsoever for the proposition that *In Re Subpoena Issued to Dennis Friedman* or the standard it applies has been adopted by this Court or the Ninth Circuit.

Finally, the Court has reviewed *In Re Subpoena Issued to Dennis Friedman*, and finds that even if it were to use that standard, Plaintiffs do not meet it. See *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 72. *In Re Subpoena Issued to Dennis Friedman* concerns situations in which the information sought relates to counsel's knowledge of prior cases. *Id*. Here, only three of the nine categories for deposition concern prior cases. Therefore, *In Re Subpoena Issued to Dennis Friedman* has no application to six of the nine categories. *Id*.

When the information does concern prior cases, *In Re Subpoena Issued to Dennis Friedman* indicates that the Court should apply a more flexible standard which "takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id*. "Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id*.

Here, the Court has reviewed all the facts and circumstances in this matter and finds that deposing Mr. Morgan is not appropriate. There is no need to depose Mr. Morgan as there are other sources of information for the information sought, his connection with the matters on

1  which discovery is sought is not of the sort that necessitates his deposition, and there is a
2  sufficient risk that deposing Mr. Morgan would cause the parties to encounter numerous
3  privilege and work product issues. Accordingly, even if the Court were to apply *In Re Subpoena*
4  *Issued to Dennis Friedman*, the result would be the same.
5  Nevertheless, the Court finds that *Shelton* is the proper standard in this district. *See*
6  *Harter*, 2013 WL 129418

## CONCLUSION

8  Based on the foregoing, and good cause appearing therefore,
9  IT IS HEREBY ORDERED that Defendant Koval Flamingo's Emergency Motion to
10  Quash (#83) is GRANTED.
11  IT IS HEREBY ORDERED that Defendant Koval Flamingo's Emergency Motion for
12  Protective Order (#85) is GRANTED.
13  DATED this   20th   day of August, 2013.

NANCY J. KOPPE
United States Magistrate Judge