1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRUCE COUTURIER, et al.,

          Plaintiffs,

    v.

AMERICAN INVSCO CORPORATION, et al.,

          Defendants.

Case No. 2:12-cv-01104-APG-NJK

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

(Dkt. #173)

This case is one of several brought by people who bought condominiums from defendants and claim they were never told about defects in the condominiums' flooring.  Here, the plaintiffs are Bruce and Eleanor Couturier.

In August of 2014, one of the related cases—brought by owners of a different condominium purchased from defendants—went to trial.[1]  The plaintiffs in that case, the Taddeos, received a jury verdict for breach of contract and fraudulent concealment.[2]

The Couturiers now move for summary judgment on their own fraudulent concealment claim.  They argue that they should receive the benefit of the Taddeo's verdict under the doctrine of issue preclusion.

I deny the Couturiers' motion.  Issue preclusion applies only where an identical issue was litigated in a prior matter.  Here, the issues underlying the Taddeos' fraudulent concealment claim are not identical to the issues underlying the Couturiers' fraudulent concealment claim.  Although there may be some overlap between the cases, the differences are important and prevent issue preclusion from applying here.

---

[1] *See Taddeo v. Invsco*, 12-cv-1110 at Dkt. # 188.

[2] *Id.*

1
2

## I.  **LEGAL STANDARDS**

### A.  **Summary Judgment**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]  For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[4]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[5]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[6]  She "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[7]

## II.  **DISCUSSION**

The Couturiers argue that the doctrine of issue preclusion allows them to automatically establish their fraudulent concealment claim against the defendants.  To preclude litigation in a subsequent action of an issue determined in a prior action, the movant must demonstrate:

(1) The issue at stake in the subsequent action is identical to the one in the prior action;

(2) The identical issue was actually litigated in the prior action; and

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[4] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[6] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[7] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

(3) The determination of that identical issue in the prior action was a critical and necessary part of the judgment in that action.[8]

The party asserting the doctrine, "bears the burden of showing with clarity and certainty what was determined by the prior judgment."[9]

Here, the Couturiers have not met their burden to establish the first prong of the test: that the fraudulent concealment issues litigated in the *Taddeo* action are identical to the fraudulent concealment issues they must litigate in this action. Crucially, the Couturiers cannot simply apply issue preclusion to the entire fraudulent concealment claim. Unlike claim preclusion which the parties agree does not apply here, issue preclusion requires the doctrine to be satisfied as to each individual factual and legal element underlying their fraud claim. The legal elements of fraudulent inducement include:

(1) the defendant assumed the responsibility to give information;

(2) the defendant concealed or suppressed a material fact;

(3) the defendant was under a duty to disclose the fact to the plaintiff;

(4) the defendant intentionally concealed or suppressed the fact with the intent to induce the plaintiff to act or refrain from acting in a manner different than the plaintiff would have had she known the truth;

(5) the plaintiff was unaware of the fact and would not have acted as she did had she known of the concealed or suppressed fact; and

(6) the concealment or suppression of the fact caused the plaintiff to sustain damage.[10]

Many of the underlying issues relevant to whether the Couturiers can establish the elements of their fraudulent concealment claim are not the same issues decided in the *Taddeos* case. For example, the Couturiers must prove they were unaware of the flooring problem and

---

[8] *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320-1321 (9th Cir. 1992); *see also, Littlejohn v. United States,* 321 F.3d 915, 923 (9th Cir. 2003); *Disimone v. Browner*, 121 F.3d 1262, 1267 (9th Cir. 1997); *Offshore Sportswear v. Vuarnet Int'l, B.V.,* 114 F.3d 848, 850 (9th Cir. 1997).

[9] *Clark v. Bear Stearns & Co., Inc.,* 966 F.2d at 1321.

[10] Nev. Jury Instruction 10FR.4; *Dow Chemical Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998).

1    would not have acted as they did had they known of it.  In the *Taddeos* case, trial testimony

2    indicated that the Taddeos were unaware of the alleged defects and that they would not have

3    purchased their condominium had they known of these defects.[11]  The Taddeos' knowledge and

4    reliance are not the same as the Couturiers' knowledge and reliance.

5         Similarly, whether the defendants had a duty to disclose the alleged defect may be

6    different.  Whether Invsco and Koval had a duty to disclose may depend, in part, on whether they

7    knew the Couturiers were aware of the potential flooring issue.  This factual issue could not have

8    been litigated in the *Taddeo* case.  Likewise, whether defendants concealed or suppressed a

9    material fact was not identically decided in the *Taddeos* action either.  Defendants made different

10   representations and had different discussions with the Taddeos than they did with the

11   Couturiers.[12]  Whether the defendants' specific representations and omissions constituted

12   concealment or suppression as to the Taddeos does not mean that the representations and

13   omissions constituted concealment or suppression as to the Couturiers.

14        Another example of dissimilarity are the issues underlying damages.  To establish

15   fraudulent concealment the Couturiers must prove they were actually damaged.  The Taddeos

16   provided evidence at trial that they were unable to sell their condo once the alleged floor defect

17   was discovered.[13]  That the Taddeos were not able to sell their condo does not mean that the

18   Couturiers were not able to sell theirs.

19        The prior order denying class certification discussed the different issues each case would

20   raise.  As noted, fraud claims are factually intensive and thus typically decided by a jury.[14]

21

22        [11] Another important factual difference is that the Taddeos purchased their home after defendants
23   allegedly knew of the flooring problem.  But the Couturiers purchased their home before the defendants
     appear to have known of the alleged defect.  This difference could impact whether the Couturiers relied on
24   the defendants' alleged omission, it could impact damages, and it could impact the extent of defendants'
     duty to disclose.

25        [12] (*See, e.g.,* Case No. 2:12-cv-1110 at Dkt. #197 at 235-37; Dkt. #197 at 193 (testimony of
26   Taddeos).)

          [13] (*Id.*)

27        [14] (*See* Case no. 2:08-cv-1463 *at* Dkt. #837 at 8-9.)

28                          Page 4 of 5

1    Discovery demonstrated that the "interactions between [the different plaintiffs] and [defendants]

2    in this action are dissimilar in many material respects."[15]  Each of the plaintiffs conducted

3    different levels of inquiry into their condos, obtained information about the property from various

4    sources, and were promised different things.  Each plaintiff's case will rise and fall depending on

5    the specific facts surrounding their condo, their purchase, their knowledge, and their interactions

6    with defendants.

7          The Couturiers thus cannot use issue preclusion to obviate a trial on their fraudulent

8    concealment claim.

9    **III.   CONCLUSION**

10         IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment

11   (Dkt. # 173) is DENIED.

12         DATED this 23rd day of July, 2015.

13

14         _____

15         ANDREW P. GORDON
           UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27         _____
           [15] (*Id.*)

28                              Page 5 of 5