# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE COUTURIER, et al., | Case No. 2:12-cv-01104-APG-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 192) |
| AMERICAN INVSCO CORPORATION, et al., | |
| Defendant(s). | |

Pending before the Court is a motion to strike jury demand, filed by Defendant Koval Flamingo, LLC. Docket No. 192.[1] Plaintiffs filed a response in opposition. Docket No. 195. Koval Flamingo did not file any reply. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice. Any renewed motion to strike must be filed in compliance with the instructions outlined below.

The pending motion is not sufficiently developed to allow a ruling on the issue presented. The pending motion is roughly three pages in length. It cites a single Nevada Supreme Court case as its only legal authority. Docket No. 192 at 3 (citing *Lowe Enterps. Residential Partners, L.P. v. Eighth Judicial*

---

[1] Defendants American Invsco Corporation and Condominium Rental Services filed a joinder, alleging they have standing to enforce the contract at issue as Koval Flamingo's alleged agents. Docket No. 194. The Court expresses no opinion herein as to the standing of these Defendants with respect to the contract at issue.

*Dist. Court*, 40 P.3d 405 (Nev. 2002)).[2]  The motion fails to analyze the threshold issue of whether the dispute at issue is governed by state or federal law, an issue recently addressed by the Ninth Circuit:

> The law governing jury trial waivers in federal court is federal procedural law.  But the federal rule most courts use to evaluate such waivers—the 'knowing and voluntary' standard—is a federal constitutional minimum.  Its application is not required where, as here, state law is more protective than federal law of the jury trial right.  So we are faced with a void in federal law.  Rather than expand the constitutional 'knowing and voluntary' standard to fill that void, we adopt state law as the federal rule. This means that federal courts sitting in diversity must apply the relevant state law to evaluate the validity of a pre-dispute jury trial waiver when that law is more protective than federal law.

*In re: County of Orange*, 784 F.3d 520, 531-32 (9th Cir. 2015).  The Court declines to conduct this analysis *sua sponte*.

In addition, the pending motion leaves numerous questions unaddressed, a shortcoming exacerbated by the failure to file a reply brief addressing the arguments raised by Plaintiffs.  For example, the motion is structured as seeking to strike Plaintiffs' jury demand.  But the contract provision at issue is not simply a waiver of the right to a jury trial, *compare Lowe*, 40 P.3d at 406, and instead is an arbitration clause purportedly waiving the ability to obtain relief in court generally, *see* Docket No. 192 at 2 (stating that disputes must be "DECIDED BY NEUTRAL ARBITRATION" and that the purchaser waived the right to have disputes "LITIGATED IN A COURT OR BY JURY TRIAL").  The motion fails to explain how Koval Flamingo is entitled to rely on an arbitration clause to strike a jury demand, while not seeking to compel arbitration.[3]  The motion also fails to address the obvious timeliness issue given that this motion was filed roughly eight years after Plaintiffs' claims were first filed.  *See also* Docket No. 195 at 13-15.  The motion likewise fails to address why Koval Flamingo should be permitted to rely on this contract provision given Plaintiffs' allegations of fraud and a jury verdict in a related case finding that it engaged in fraud.  *See also* Docket No. 195 at 15-16.

---

[2] In violation of the local rules, the citation to that Nevada Supreme Court case fails to provide a pin-citation to the pages referenced.  Local Rule 7-3(b) ("All citations shall include the specific page(s) upon which the pertinent language appears").

[3] The motion is vague as to the ultimate relief sought.  The motion seeks only that the jury demand be stricken.  The motion does not elaborate on whether Koval Flamingo seeks a bench trial as to the claims against it, or some other ultimate relief.

In light of the above, the motion to strike the jury demand is **DENIED** without prejudice. If Koval Flamingo or any other Defendant continues to want relief, a renewed motion must be filed no later than April 11, 2016. Any such renewed motion must address in meaningful fashion each of the issues addressed above, including (1) application of *County of Orange* to the instant dispute, (2) a clear indication of the ultimate relief sought (*e.g.*, holding a bench trial, compelling arbitration, or other relief); (3) meaningful discussion and citation to legal authority addressing the attempted use of an arbitration clause to strike a jury demand; (4) meaningful discussion and citation to legal authority addressing whether the arguments raised have been waived and/or are untimely; and (5) meaningful discussion and citation to legal authority addressing whether the allegations and jury finding of fraud in a related case render the instant contract provision unenforceable.

IT IS SO ORDERED.

Dated: March 30, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge